
FILED
2007 Feb-09 AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RESHUNDA LYONS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | Civil Action Number |
| **ASHLEY FURNITURE** ) | **2:06-cv-4904-UWC** |
| **HOMESTORE, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION ON MOTION TO DISMISS**

The present action involves claims by Plaintiff ReShunda Lyons ("Plaintiff") against Ashley Furniture Homestore, Incorporated ("Ashley") for discrimination and retaliation. Plaintiff is a former employee of Ashley. (Compl. ¶ 7.) She alleges that Ashley was a racially and sexually hostile work environment and after complaining about the environment she was terminated. (Compl. ¶¶ 17, 23, 25.) Plaintiff alleges eight counts in her complaint:

Count I - Hostile Work Environment based on Race (42 U.S.C. § 1981)

Count II - Hostile Work Environment based on Sex (42 U.S.C. § 1981)

Count III - Unlawful Termination/Retaliation (42 U.S.C. § 1981)

Count IV - Disparate Treatment based on Race (42 U.S.C. § 1981)

Count V - Hostile Work Environment based on Race (Title VII)

    Count VI - Hostile Work Environment based on Sex (Title VII)

    Count VII - Retaliation (Title VII)

    Count VIII - Disparate Treatment based on Race (Title VII)

Presently before the court is Defendant Ashley's motion for partial dismissal.[1] The Court finds that the motion is due to be denied in part and granted in part.

Count I, alleging a racially hostile environment pursuant to 42 U.S.C. Section 1981, is cognizable; thus Defendant's motion to dismiss that claim will be overruled without prejudice.

Count II, alleging a gender based hostile work environment pursuant to 42 U.S.C. Section 1981, is due to be dismissed because Section 1981 prohibits racial discrimination, but not sex discrimination. *See Tucker v. Talladega City Sch.*, 171 Fed. Appx. 289, 265; 2006 WL 688967, at *5 (11th Cir. Mar. 20, 2006). Therefore, Count II of Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P*. 12(b)(6).

Count III of Plaintiff's complaint alleges unlawful termination/retaliation under 42 U.S.C. Section 1981. To the extent that Plaintiff is alleging retaliation for making a gender based hostile environment claim, that portion of the claim is due to be dismissed for the aforementioned reasons.

Count IV, alleging disparate treatment based on race pursuant to 42 U.S.C. Section

---

[1] Although Defendant styled the motion as a motion for "partial" dismissal, the motion is essence seeks dismissal of all claims asserted by Plaintiff.

1981, is cognizable; thus Defendant's motion to dismiss that claim will be overruled without prejudice.

In Counts VI and VII, Plaintiff alleges discrimination and retaliation on the basis of sex pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff filed a Charge of Discrimination with the EEOC against Ashley for racial discrimination and retaliation, but failed to include in the charge any allegations relating to gender.  (Compl. exh. 1)  Because Plaintiff failed to assert any gender claims in her EEOC charge, Counts VI and VII are due to be dismissed because Plaintiff failed to exhaust her administrative remedies.  *See* 42 U.S.C. § 200e-5(e).

In Counts V and VIII,  Plaintiff alleges racial discrimination pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff has ninety days to file a complaint after she obtains a Right to Sue letter.  Because Plaintiff's Right to Sue letter was mailed on September 19, 2006, she could not have received it before September 20, 2006.  Her complaint was timely filed exactly ninety days later on December 19, 2006.  Therefore, Defendant's motion to dismiss Counts V and VII will be overruled without prejudice.

Although Defendant seeks dismissal of a purported Disparate Impact claim, there is no evidence of such a claim in Plaintiff's complaint.  Thus, the motion is due to be denied on such a claim.

Done this 8th day of February, 2007.

_____
U.W. Clemon
United States District Judge