IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RESHUNDA LYONS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:06-cv-4904-UWC** |
| **HUNTSVILLE WHOLESALE** ) | |
| **FURNITURE , INC., d/b/a ASHLEY** ) | |
| **FURNITURE HOMESTORE, INC.,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this action under 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), Plaintiff Reshunda Lyons claims that Defendant Huntsville Wholesale Furniture, Incorporated, d/b/a/ Ashley Furniture Homestore ("Ashley Furniture") subjected her to a racially hostile work environment and fired her for complaining about it. Ashley Furniture has moved for summary judgment. For the reasons which follow, the motion indubitably is due to be denied.

I. The Undisputed Facts [1]

1. On March 6, 2005, Plaintiff was hired by Ashley Furniture as a trainee.

---

[1] On a motion for summary judgment, the Court must view the facts in the light most favorable to the non-movant. *DeJulio v. Georgia*, 276 F.3d 1244, 1258 (11th Cir. 2001).

2.  She began a two-week training program, upon successful completion of which she would have become employed as a salesperson at Ashley Furniture's new store located at 4535 Galleria Boulevard in Hoover Alabama.

3.  In the training program, Plaintiff and her fellow employees were required to dance when music was played over the loudspeakers in the workplace.

4. During training on March 17, 2006, one of the musical selections played over the loudspeakers was the song "Gold Digga" by contemporary rap artist Kanye West.  The lyrics of the song include the following:

> (She did me wrong)
> Now I aint sayin she a gold digger (When I'm need)
> But she aint messin wit no broke niggas.
> (She did me wrong)
> Now I aint sayin she a gold digger (When I'm need)
> but she aint messin wit no broke niggas.

4.  Barry Gaylord, Ashley Furniture's Corporate Trainer, was in charge of the training classes.  He was present when "Gold Digga" was played over the loudspeaker.

5.  Plaintiff was offended by the use of "niggas" in the song, since it synonymous with the word "nigger."  She complained about the use of the song in the workplace to her white team leader, Janet Bence.

6. In response, Bence indicated that she had not understood the words of the

song; but that she would take care of the matter. Another team leader and Gaylord also indicated to Plaintiff that the matter would be taken care of.

7. When the issue was not mentioned in the presence of Plaintiff and the other trainees in the workplace, Plaintiff again approached Bence. This time, Bence stated that Plaintiff should not bring up the matter again because management would view her complaint negatively and she might be fired as a result.

8. Allen "Woody" Marks, the president and owner of Ashley Furniture, was present during the training sessions and specifically on March 17.

8. At the end of the day, Plaintiff completed a Meeting Evaluation Form ("MEF"). As she was leaving, Plaintiff handed the form to Woody Marks and asked him to read it.

9. Plaintiff responded to the MEF's inquiry, "Any other comments[,]" by stating: "Thank you so much Barry for All You've Done!!!" (Doc. 23, Def.'s Ex. 9.)

10. In response to the MEF's inquiry, "What could have been [sic] differently to improve today's session[,]" Plaintiff indicated: "A lot!!!," and referred to the handwritten second page of the form, where she explained:

> I did not appreciate being told to dance or get fired off music by Kanye West. In specific, I ain't saying she a gold digger, but she aint fucking wit no broke NIGGA.
>
> OR
>
> Til the sweat run down these falls ---- true words are — til the sweat runs down my balls, all these females fall! Ahh skit skit ---- referring to

a man <u>ejaculating</u> on a female.² How degrading then be told I'd be fired if I didn't dance is a damn good reason to Bite the dust.

Rashunda Lyons

I didn't come here expecting this, I am a wonderful person & I deserve better.

(Doc. 23, Def.'s Ex. 9.)

11. After reading the MEF, Marks looked at Plaintiff and told her that she was "always bitching and complaining," and that "we don't need you here." (Lyons Depo. at 190).

12. Plaintiff then asked Marks if she was being fired because she did not want to dance to a song that over and over used the work "nigger." (*Id.*)

13. Marks first responded: " yes, because that is the environment around here."

14. Plaintiff then asked him again if she was being fired for refusing to dance to the song and this time, Marks responded "no, it is your attitude." He then said "we don't need you," and told her to leave her book "and get the hell out." (*Id.*)

15. Plaintiff then left Ashley Furniture's premises.

16. On the following morning, Plaintiff called Bence and related what had transpired between Plaintiff and owner Woody Allen. Bence responded, " [I]t's

---

² Here Lyons is quoting another hip-hop song "Get Low," which was also played over the loudspeakers. It is unclear from the record exactly when she heard this song played. However, it appears that the song was played the previous day.

["Woody's] way or the highway." *Id.,* at 191.

17.   Ashley Furniture does not have a written EEO policy.  (Doc. 32, Pl.'s Ex. 3, Marks Depo. at 226.)

## II. The Applicable Law

### A. Racially Hostile Work Environment

To establish a *prima facie* case of a racially hostile work environment, a plaintiff must prove that:  1) she a member of a racial minority; 2) she was subjected to unwelcome racial harassment in the workplace; 3) the harassment was sufficiently severe or pervasive as to alter the terms and conditions of employment and create an abusive working environment; and 5) the employer is responsible for the racially hostile environment.  *See Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1244 (11th Cir. 1999) (*en banc).*

The plaintiff must prove both that she perceived the conduct to be abusive, (the subjective component of the claim), and that a reasonable person would likewise have perceived the conduct to be abusive (the objective component of the claim). *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 - 22 (1993).  In evaluating the objective component of the harassing conduct, a court must consider: 1) the frequency of the conduct; 2) the severity of the conduct; 3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and 4) whether the conduct unreasonably interfered with the employee's job performance.  *Id* at  23;  *Allen v.*

*Tyson Foods,* 121 F.3d 642, 647 (11th Cir. 1997).  Offhand comments and isolated incidents can satisfy the objective component if the challenged conduct is extremely serious.  *See Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998).  The harassing conduct must be viewed given the totality of the circumstances.

### B. Retaliation

To make out a *prima facie* case of retaliation, a plaintiff must come forward with evidence that: 1) she engaged in statutorily protected expression;  2) she thereafter suffered an adverse employment action; and  3) the adverse action was causally related to the protected expression.  *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 978 n.52 (11th Cir. 2008) (citations omitted).

"The challenged action must be materially adverse from the standpoint of a reasonable employee."  *Id.* (citing *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006)).

## II. DISCUSSION

### A. Racially Hostile Work Environment

On the present state of the record, Ashley Furniture is most assuredly not entitled to summary judgment on the racially hostile work environment claim.

The undisputed facts show that the Plaintiff has established a *prima facie* case of a racially hostile work environment.  She is a black female and she was not only subjected by her employer to a song with repeated references to "nigger;" she was

<u>expected to dance to the offensive music</u>! That scenario is sufficient to create an abusive work environment to the point of altering an employee's terms and conditions of employment.

That Plaintiff was subjectively offended is manifested by her immediate verbal complaint to her work leader and her written complaint at the end of the workday. Any reasonable employee would have been offended by the lyrics of "Gold Digger," played in the workplace.[3]  This is precisely the kind of extremely serious "isolated incident" which constitutes a racially hostile work environment.

If anyone is entitled to summary judgment on this claim, it is certainly not Ashley Furniture.

## B. Retaliation

The undisputed facts establish that Plaintiff engaged in a protected activity - namely complaining to management about what she conceived to be a racially and sexually[4] hostile work environment.[5]  Ashley Furniture's argument that Plaintiff did not suffer an adverse employment action is profoundly preposterous - given the undisputed fact that she suffered the ultimate adverse action: termination. Moreover, the termination was virtually simultaneous with her exercise of her protected right

---

[3] It is of no legal moment that Plaintiff previously had heard the song or that some of her associates are rappers.

[4] Plaintiff's sexual harassment claims were dismissed on procedural grounds.

[5] To the extent that the Equal Employment Opportunity Commission found otherwise, its finding is not accorded any deference for purposes of the summary judgment motion.

to complain.

Clearly, Plaintiff has established a *prima facie* case of retaliation.

## Conclusion

For all of these reasons, Ashley Furniture's summary judgment motion is due to be denied.[6]

It will be done by separate order.

Done this 18th day of April, 2008.

_____
U.W. Clemon
United States District Judge

---

[6] Ashley Furniture also seeks summary judgment on Plaintiff's claims brought under Section 1981, on the grounds that the claims are untimely. In light of the undisputed fact that this action was filed within the two-year statute of limitations, summary judgment on this claim is wholly inappropriate.